

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

F I L E D

OCT - 2 1996

NANCY DOHERTY, CLERK

BY _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HOECHST CELANESE
CORPORATION,

    Plaintiff-
    Counterdefendant,

VS.

BREWER SCIENCE, INC.,

    Defendant-
    Counterplaintiff.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:94-CV-1444-D

## MEMORANDUM OPINION
### AND ORDER

In this patent infringement action, plaintiff-counterdefendant Hoechst Celanese

Corporation ("Hoechst") applies for a recovery of attorney's fees, excess costs, and expenses

pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and Fed. R. Civ. P. 54(d) and 37(a).  For the

reasons that follow, the court grants Hoechst's application for costs pursuant to Rule 54(d),

denies its requests for fees, costs, and expenses based on Rule 37(a) and § 1927, and concludes

that an evidentiary hearing must be conducted to decide whether an award of attorney's fees is

appropriate pursuant to § 285.

I

Hoechst applies to recover attorney's fees and costs in connection with its declaratory

judgment action against defendant-counterplaintiff Brewer Science, Inc. ("Brewer").  Hoechst

sought a declaration that its product known as BARLi™ did not infringe Brewer's patent, U.S.

ENTERED ON DOCKET
OCT   3 1996

_____ PURSUANT
TO F. R. C. P. RULES
58 AND 79a

131

Patent No. 4,910,122 ("the '122 Patent"), and that the '122 Patent was invalid.  Brewer

counterclaimed, contending that BARLi™ infringed the '122 Patent.

Thereafter, Brewer decided unilaterally to withdraw its claims of infringement, and to

grant Hoechst a royalty-free license to manufacture BARLi™.  Based on a covenant by Brewer

not to sue Hoechst for infringement of the '122 Patent, the court dismissed this suit as moot.  The

parties' respective infringement-noninfringement claims were dismissed with prejudice, and

Hoechst's claim of invalidity was dismissed without prejudice.  The court retained jurisdiction to

consider an application for an award of attorney's fees and costs.  Hoechst subsequently filed the

instant application, contending that it is entitled to an award of attorney's fees, excess costs, and

expenses under various statutes and rules.

## II

The court considers first whether Hoechst is entitled to costs pursuant to Rule 54(d).

## A

The initial component of the Rule 54(d) analysis is whether Hoechst qualifies as a

"prevailing party."  The court holds that it is.

The term "prevailing party" means more than a party who receives a favorable judgment

as to all of its claims after a trial on the merits.  A "prevailing party" is any party who, as a

practical matter, has prevailed in the underlying suit.  Schwarz v. Folloder, 767 F.2d 125, 130

(5th Cir. 1985).  The term includes a party whose opponent's claims have been dismissed with

prejudice.  Id.  A dismissal with prejudice is "tantamount to a judgment on the merits," and a

party who receives such relief from an opponent's claims is ordinarily entitled to costs under Rule

54.  Id.  The procedural posture in which this case arose obfuscates somewhat the manner in

-2-

which these principles apply.  Nevertheless, an analysis of the true nature of the suit resolves any issues that may be raised as to Hoechst's status as a "prevailing party."

As noted, Hoechst originally filed this suit as a declaratory judgment action.  Hoechst sought a declaration that BARLi™ did not infringe on the '122 Patent, and that the '122 Patent was invalid.  Brewer responded with a patent infringement counterclaim.  Although, by filing the declaratory action, Hoechst became the named plaintiff, Brewer's counterclaim depicts the true character of the lawsuit.  The action was for all practical purposes a typical infringement suit by a patent holder against an alleged infringer.

The present case is analytically indistinguishable from Super-Sack Mfg. Corp. v. Chase Packaging Corp., 37 U.S.P.Q.2d 1394, 1995 WL 813691 (N.D. Tex. 1995) (Solis, J.) ("Super-Sack I").  In Super-Sack I the court examined whether the court should award costs to the defendant in a suit in which the plaintiff had sued for infringement, and the defendant had counterclaimed for declarations of noninfringement and invalidity.  The infringement suit and counterclaims had been dismissed with prejudice at the plaintiff's request following a promise that it would not later sue the defendant for infringement of the disputed patents.  Id. at 1395.  Following the Fifth Circuit's decision in Schwarz, Judge Solis held that the defendant was the prevailing party and was entitled to costs, because  "[Plaintiff] voluntarily withdrew its claims, and the case was dismissed with prejudice." Id.

Similarly, the court terminated the instant suit because of Brewer's voluntary withdrawal of its claims, and covenant not to sue Hoechst.  Because of the license that Brewer granted, and the dismissal of Brewer's claims with prejudice, Hoechst received substantially the relief it had sought by its declaratory action.  The slightly-altered posture of the parties resulting from the fact

-3-

that Hoechst was the first to sue is not a basis for reaching a different outcome than the ones in Super-Sack I and Schwarz. The court dismissed Hoechst's claims solely because Brewer's decision to grant a royalty-free license compelled their dismissal under the "actual controversy" requirement for jurisdiction in a declaratory judgment action. See Super-Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1055 (Fed. Cir. 1995) (holding that declaratory action seeking finding of noninfringement must be dismissed for failure to present an actual controversy once patentee has entered covenant not to bring infringement suit on disputed patents), cert. denied, ___ U.S. ___, 116 S.Ct. 815 (1996). Dismissal under these circumstances does not preclude a party from being a "prevailing party" within the meaning of Rule 54. Accordingly, the court holds that Hoechst was the prevailing party for purposes of awarding costs.

B

Rule 54(d) provides inter alia that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The language of the Rule creates a strong presumption that the prevailing party is entitled to an award of costs. Schwarz, 767 F.2d at 131. To overcome the presumption, Brewer has argued that Hoechst engaged in "paper warfare," filing an "endless stream of pleadings, correspondence and motions." D. Resp. at 7-8. Brewer contends that Hoechst's "paper blitzkrieg" provides a basis to decline to award costs. There has been no showing, however, of the type of good cause that is necessary to justify a denial of costs to a prevailing party. Hoechst's allegedly-voluminous filings did not violate the Federal Rules of Civil Procedure or this court's Local Rules, and there is no evidence on which the court finds that they were otherwise sanctionable. Therefore, Hoechst should be awarded its reasonable costs.

- 4 -

C

28 U.S.C. § 1920 permits the court to tax as costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Brewer objects to Hoechst's bill of costs in two respects: first, it contends that costs incurred in support of Hoechst's Lanham Act and Unfair Competition claims are not taxable against it because the claims were part of a stipulated dismissal in which each party was directed to bear its own costs; and second, it maintains that Hoechst's video deposition costs were not "necessarily obtained" as required by § 1920.

The court agrees that, pursuant to its earlier order, costs attributable to Hoechst's Lanham Act and Unfair Competition claims should be borne by the party incurring them. The court also agrees with Brewer that Hoechst's expenses incurred for video depositions are not taxable as costs. Whether they are allowable, however, does not depend upon whether they were "necessarily obtained." Section 1920 defines recoverable costs, and this court cannot award costs that are not listed therein. Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), cert. denied, 510 U.S. 1195 (1994), and reh'g granted on other grounds, 61 F.3d 1113 (1995) (en banc). Costs of original depositions and copies are allowable under § 1920(2) and (4) if

-5-

"necessarily obtained," but costs associated with video depositions do not fall within any provision of the statute, and are therefore not recoverable. Id.

Accordingly, the $318.51 expended by Hoechst for the deposition of Stanley Barnett, Jr. in connection with its Lanham Act and Unfair Competition claims, and the $2,526.25 expended on video depositions are not taxable as costs.

### III

The court next turns to whether Hoechst is entitled to fees, costs, and expenses pursuant to Rule 37(a).

Rule 37(a)(4) provides that if a party's motion to compel is granted due to a failure by the opposing party voluntarily to make a disclosure required by Rule 26(a), the court shall "require the party or deponent whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorneys' fees. . . ." Pursuant to this Rule, Hoechst requests that Brewer be charged for the costs and fees incurred in prosecuting several motions to compel that were pending before the special master at the time the court dismissed this suit. The request is easily disposed of, because the special master never resolved the motions. Rule 37 provides that the court may award costs "if the motion is granted." The dismissal of the infringement suit precluded a final determination of Hoechst's motions to compel, and there is no provision in the Rule permitting the court to conduct an inquiry at this time into whether Hoechst would have prevailed on its motions. Therefore, there is no basis for this court to award relief under Rule 37, and Hoechst's request is denied.

-6-

IV

The court now considers whether Hoechst is entitled to fees, costs, and expenses pursuant to § 1927, which provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In its application for fees and costs, Hoechst has contended that Brewer's attorney, Edward Renner, Esq. ("Renner"), should be taxed for excess costs arising from his bad faith failure to advise his client to comply with disclosures required by Rule 26(a), and his maintenance of a lawsuit that he knew or should have known was baseless.

Punishment of counsel under § 1927 is to be sparingly applied. FDIC v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994). The threshold for awarding costs under the statute is higher than that set by Rule 11, and there must be a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless. Id. at 1300. Section 1927 is designed only for those cases where there is clear evidence that an attorney has conducted himself in a way that both unreasonably and vexatiously multiplies proceedings. Id. at 1297. Conduct by an attorney that might just as easily be construed as aggressive advocacy of his client's interest is not enough to clear the high threshold for liability under the statute.

The court finds and concludes that Renner's conduct in this case falls within the category of conduct that is not clearly in bad faith, and can reasonably be viewed as merely aggressive advocacy. Accordingly, Hoechst's request for an award of excess costs pursuant to § 1927 is denied.

-7-

V

Hoechst also applies for an award of attorney's fees pursuant to § 285, which provides that in a patent infringement suit, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

Section 285 presents two threshold issues that the court must resolve to decide whether an award of attorney's fees is appropriate in a given case: (1) whether the party who seeks the fee award is the "prevailing party" in the underlying lawsuit; and (2) whether the case is an "exceptional" one.

For the reasons set out supra at § II(A), the court finds that Hoechst qualifies as the "prevailing party" as required by § 285.

The dispositive question is whether this lawsuit may be deemed "exceptional." A patent infringement suit is not "exceptional" within the meaning of § 285 unless there is clear and convincing evidence of some unfairness, bad faith, or inequitable conduct. Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1085 (Fed. Cir. 1988). Advancement of a baseless claim can constitute an "exceptional case" within the meaning of the statute, and a prevailing party may be awarded attorney's fees if the court finds that a patentee should have known that its claim of infringement was baseless. See Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 810 (Fed. Cir. 1990) (holding that filing and maintaining of an infringement suit that the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring case exceptional).

In Eltech the court found that defendant's demonstration of its process for making the product at issue, plaintiff's complete failure to test defendant's process or product, the total

- 8 -

insufficiency of plaintiff's tests to establish whether there was infringement, and the plaintiff's failure to submit any evidence that it attempted to test defendant's product under appropriate conditions, combined with the finding at trial that defendant's product did not infringe on plaintiff's patent, was more than enough to establish bad faith that would render the case exceptional under § 285. Id.

In the present case, Hoechst has alleged that Brewer's continued prosecution of an infringement suit that it either knew, or on reasonable investigation should have known, was baseless provides a sufficient basis for the court to find that the case is exceptional. Hoechst has made a prima facie showing that (1) Brewer failed to agree to reasonable conditions that would have permitted Brewer to view tests that Hoechst performed and that allegedly established noninfringement; (2) Brewer failed to test product samples provided by Hoechst; (3) Brewer failed to test Hoechst's product under appropriate conditions; and (4) Brewer was unable to adduce evidence to establish Hoechst's infringement. Because this evidence, if unrefuted, may permit the court to find at least that Brewer should have known that its infringement claim was baseless, and because the dismissal of the action pretermitted consideration of all the evidence necessary to make this determination, the court concludes that an evidentiary hearing should be convened so that the parties may fully develop the record.

\* \* \*

Hoechst's application is granted in part, denied in part, and deferred in part. Accordingly, within 20 days of the date this memorandum opinion and order is filed, the parties shall confer and submit to the court a proposed timetable for disposition of Hoechst's § 285 claim. The proposal shall include a joint estimate of the length of the hearing, a time-frame during which the parties

-9-

can be ready to appear for a hearing, and the prospects for settling Hoechst's § 285 claim.  After

the court considers the proposal, the court will set a date for the hearing, and deadlines for filing

witness and exhibit lists, deposition designations, proposed findings and conclusions, and such

other materials as will be necessary to conduct the hearing.

**SO ORDERED.**


October ___2___, 1996.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE